# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 21-12960-ELF |
| SHEILA WILLIAMS, | |
| Debtor. | Chapter 13 |

## LIMITED OBJECTION OF POLICE AND FIRE FEDERAL CREDIT UNION TO THE DEBTOR'S CHAPTER 13 PLAN

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby objects to confirmation of the Chapter 13 Plan filed by Sheila Williams to the extent that the Debtor does not provide for full payment of the balance of her auto loan owed to PFFCU under the loan agreement. Unless payment in full is proposed under the Debtor's Plan, the Plan cannot be confirmed because it does not comply with 11 U.S.C. § 1325(a)(5).

1. On October 29, 2021 (the "Petition Date"), Sheila Williams (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. In her bankruptcy schedule D, the Debtor lists her interest in a vehicle, described as a 2020 Subaru Forester (the "Vehicle"). As reflected in Debtor's schedule D, Debtor is indebted to PFFCU for the Vehicle pursuant to certain motor vehicle financing.

3. On January 3, 2022, PFFCU filed a proof of claim for $33,288.98 plus interest based on the motor vehicle financing. This motor vehicle financing was obtained on January 5, 2019, and has an annual interest rate of 5.24%. This financing is secured by the Vehicle. A true and correct copy of the motor vehicle financing agreement is attached hereto as **Exhibit A**.

122615291-2

4. On November 15, 2021, the Debtor filed her proposed Chapter 13 plan pursuant to which the Debtor seeks to provide PFFCU an allow secured claim of $19,537, with interest accruing at 3.50%, for total payments made to PFFCU in the amount of $21,321.81 under the plan. PFFCU does not consent to the treatment of its claim as proposed by the Debtor in her Chapter 13 plan to the extent that such treatment would be insufficient to pay the full balance owed to PFFCU under the motor vehicle financing.

5. Because PFFCU holds a purchase money security interest in the Vehicle that relates to a debt incurred by the Debtors within the 910 day period preceding the Petition Date, the Debtor's plan must provide for payment of PFFCU's claim, in full, pursuant to 11 U.S.C. § 1325(a)(5).

6. Accordingly, unless the Plan complies with Section 1325(a)(5), confirmation of the Plan must be denied.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan to the extent that the plan does not provide for distributions to PFFCU equivalent to the full amount of PFFCU's claim as provided by 11 U.S.C. §1325(a)(5), and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

/s/ Anne M. Aaronson
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19102
(215) 575-7100

Dated: January 4, 2022         *Attorneys for Police and Fire Federal Credit Union*